11-1303-cv
Okoh v. Sullivan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of December, two thousand eleven.

PRESENT:
>    PETER W. HALL,
>    GERARD E. LYNCH,
>    DENNY CHIN,
>                    *Circuit Judges.*

_____

Efua Ehi Okoh,

>            *Plaintiff-Appellant*,

>        v.                                                            No. 11-1303-cv

Dennis Sullivan, Jozef Dodziuk, Ph.D. Program in Mathematics of CUNY Graduate School and University Center, The Graduate School and University Center of The City University of New York,

>            *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:        EFUA EHI OKOH, *pro se*, Copely, OH.

FOR DEFENDANTS-APPELLEES:        MATTHEW W. GRIECO, Assistant Solicitor
                                 General (Barbara D. Underwood, Solicitor
                                 General, Benjamin N. Gutman, Deputy

Solicitor General, Cecelia C. Chang, Assistant Solicitor General), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Efua Eli Okoh, *pro se*, appeals the district court's judgment granting the Appellees' motion to dismiss his complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(1) or 12(b)(6). *See Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Under Rule 12(b)(6), we construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* Additionally, while *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, we afford *pro se* litigants "special solicitude" and will interpret their submissions to raise the "strongest arguments that they suggest." *Triestman*, 470 F.3d at 474-75.

Having conducted a *de novo* review of the record in light of these principles, we affirm the lower court's judgment for substantially the same reasons as those stated by the court in its February 24, 2011 opinion and order. Among other things, the district court correctly concluded that with respect to Okoh's equal protection claims, the second amended complaint failed to set forth sufficient, non-conclusory factual allegations from which a reasonable inference could be drawn that Okoh suffered "adverse treatment . . . compared with other similarly situated individuals," or that "such selective treatment was based on impermissible considerations such as race." *Miner v. Clinton Cnty.*, 541 F.3d 464, 474 (2d Cir. 2008) (internal quotation marks omitted); *see also Iqbal*, 129 S. Ct. at 1949. We have considered all of Okoh's other arguments and find them to be without merit. Thus, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3